UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCI NORTHBAY COMMERCE
FUND 4, LLC,
SCI NORTHBAY COMMERCE
FUND 5, LLC, and
SCI NORTHBAY COMMERCE
FUND 12, LLC

       Plaintiffs,

v.                                         Case No. 8:11-cv-31-T-24 TGW

SCI REAL ESTATE INVESTMENTS,
LLC, MARC PAUL, ROBERT
ROBATTI, and JOEL ADELMAN,

       Defendants.
_____/

## **ORDER**

      This cause comes before the Court on a Motion to Stay filed by Defendant Joel Adelman. (Doc. No. 49). Plaintiffs SCI Northbay Commerce Fund 4, LLC, SCI Northbay Commerce Fund 5, LLC, and SCI Northbay Commerce Fund 12, LLC filed a response in opposition to the motion. (Doc. No. 51.)

**I.    Background**

      Plaintiffs are investors who brought this suit against SCI Real Estate Investments, LLC, a company that promotes the purchase of commercial properties by groups of investors, and three of its officers, Marc Paul, Robert Robatti, and Joel Adelman, for violations of federal securities laws. Plaintiffs alleged that the defendants concocted a fraudulent scheme to convince them to purchase tenant-in-common interests in a shopping center located in Tampa, Florida.

      This case was in the beginning stages of litigation when three of the four defendants–SCI

Real Estate Investments, LLC, Marc Paul, and Robert Robatti–filed petitions for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court in the Central District of California. The Court thereafter entered orders pursuant to 11 U.S.C. § 362 that Plaintiffs' claims against these three defendants were automatically stayed. (Doc. Nos. 42, 45, 48).

**II.     Discussion**

The only remaining defendant, Joel Adelman, now moves to stay this case pursuant to 105 and 362 of the Bankruptcy Code. He contends that these provisions of the Bankruptcy Code provide the Court with the power to extend the automatic stay to enjoin litigation against non-bankrupt co-defendants of the debtors. *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). Adelman contends that a stay is appropriate because Plaintiffs' claims against him are based on a controlling person theory of liability. To prove such liability, Plaintiffs must show that SCI Real Estate Investments, LLC, violated federal securities laws, and that Adelman exercised control over SCI Real Estate Investments, LLC. *See Laperriere v. Vesta Ins. Group, Inc.*, 526 F.3d 715, 722 (11th Cir. 2008). Therefore, Adelman contends that the case should be stayed as to him because the claims against him are dependent upon the claims asserted against SCI Real Estate Investments, LLC.

Plaintiffs urge the Court not to stay the case against Adelman because the claims against him are based on his own wrongful acts and misconduct for which he can be held personally liable. They contend that his liability is independent of SCI Real Estate Investments, LLC's liability.

The Court concludes that a stay of Plaintiffs' claims against Adelman are appropriate, in the interests of judicial economy and under the Court's inherent authority to manage its cases.

This case is in the beginning stages of litigation. Neither Adelman, nor the other three defendants, have filed an answer in this case, as they had moved to dismiss the case for lack of personal jurisdiction and failure to state a claim, and that motion was still pending at the time the three defendants filed for bankruptcy. Plaintiffs' claims against Adelman (and the other two officers) appear to be dependent on, and connected to, their claims against the corporate entity for which they worked. In fact, the allegations contained in the Complaint are directed mostly against SCI Real Estate Investments, LLC, and not against the individual defendants. If the Court were to permit Plaintiffs to proceed against Adelman now, it would risk wasting judicial resources and inconsistent judgments against these parties.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)    Defendant Joel Adelman's Motion to Stay is hereby **GRANTED**, and Plaintiffs' claims against Adelman are **STAYED**;

(2)    Plaintiffs may reinstate their claims against Defendant Adelman to active status proper motion, or may move for dismissal;

(3)    Plaintiffs are directed to file and serve, on or before September 1, 2011, and every six months thereafter, a status report regarding this case; and

(4)    The Clerk is directed to terminate the pending Motion to Dismiss (Doc. No. 18, and to administratively close this case.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of March, 2011.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

All Parties and Counsel of Record